```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
```
ROBERT AKERS, as Administrator of
the Estate of Julie Christian, and ROBERT
AKERS, Individually,

**SUMMARY ORDER**
10-cv-2846 (DLI) (RLM)

Plaintiffs,

-against-

FEROZE KHAN, M.D., FEROZE KHAN,
M.D., P.C., and LUTHERAN MEDICAL
CENTER,

Defendants.
```
------------------------------------------------------------ x
```
**DORA L. IRIZARRY, United States District Judge:**

On June 22, 2010, defendants removed this action from New York State Supreme Court, Kings County. Because no basis exists for the exercise of federal jurisdiction over this matter, removal of this action is improper and the action is remanded to the state court.

The court may raise the issue of subject matter jurisdiction at any time sua sponte. *See, e.g.*, *McGinty v. New York*, 251 F.3d 84, 90 (2d Cir.2001) ("Whether a federal court has subject matter jurisdiction is a question that may be raised at any time . . . by the court sua sponte.") (internal quotation marks and citation omitted). If a federal district court determines at any time before final judgment that it does not have subject matter jurisdiction over a matter removed from state court, it is required to remand the case to state court for further proceedings. *See* 28 U.S.C. § 1447(c).

Here, in its notice of removal, defendants assert that the court has jurisdiction over this matter because there is complete diversity and the amount in controversy exceeds $75,000. Notice of Removal, ¶ 7. Defendants further contend that, "[u]pon information and belief, as set forth in Plaintiff's Complaint, Plaintiff is/was, at the time of the commencement of this action, a

citizen of the State of Pennsylvania." Notice of Removal, ¶ 10. However, the complaint clearly and plainly states "at all times herein mentioned, plaintiff was a resident of the County of Kings, State of New York." Compl. ¶ 1. Indeed, there appears to be no mention of Pennsylvania in the complaint. Therefore, federal jurisdiction is not available under 28 U.S.C. § 1332 because diversity of citizenship is not properly alleged to exist between the plaintiff and defendants.

Accordingly, because the Court lacks subject matter jurisdiction over the instant action, the matter is remanded to state court. 28 U.S.C. § 1447(c).

SO ORDERED.

Dated: Brooklyn, New York
June 23, 2010

/s/
DORA L. IRIZARRY
United States District Judge